**IN THE COURT OF APPEALS OF IOWA**

No. 17-1810
Filed January 24, 2018

**IN THE INTEREST OF A.S.,**
**Minor Child,**

**R.S., Father,**
        Appellant,

**M.S., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.


        Mother and father appeal from the order terminating their parental rights in

their child issued pursuant to Iowa Code chapter 232 (2017).  **AFFIRMED ON**

**BOTH APPEALS.**


        Jeremy B.A. Feitelson of Nelsen & Feitelson Law Group, P.L.C., West Des

Moines, for appellant father.

        Heidi M. Young of Parrish Kruidenier Dunn Boles Gribble Gentry Brown &

Bergmann, L.L.P., Des Moines, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Karl Wolle of the Juvenile Public Defender Officer, Des Moines, guardian

ad litem for minor child.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Madison and Ryan challenge the termination of their parental rights in their child A.S. The juvenile court terminated Madison's parental rights pursuant to Iowa Code section 232.116(1)(f) and (*l*) (2017) and Ryan's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*). This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (setting forth the statutory framework).

On de novo review, we conclude there is clear and convincing evidence supporting the statutory grounds authorizing the termination of the parent's respective rights. Madison does not challenge the sufficiency of the evidence supporting the statutory grounds, and Ryan challenges only ground (f), apparently conceding grounds (e) and (*l*). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). We reject Ryan's contention that he should be given an additional six months' time to address the causes of removal. *See* Iowa Code § 232.104(2)(b). The request is unavailing given his current incarceration and need for significant services upon his release.

We conclude there is clear and convincing evidence termination of Madison and Ryan's parental rights is in the best interest of the child. Both of the parents have untreated chronic substance-abuse disorders. *See, e.g., In re A.B.*, 815 N.W.2d at 776 (noting drug addiction can render a parent unable to care for

children); *In re R.P.*, No. 16-1154, 2016 WL 4544426, at *2 (Iowa Ct. App. Aug. 31, 2016) (affirming termination of parental rights of parent with history of drug abuse); *In re H.L.*, No. 14-0708, 2014 WL 3513262, at *4 (Iowa Ct. App. July 16, 2014) (affirming termination of parental rights when parent had history of substance abuse). The parents' substance abuse has actively prevented them from providing appropriate care for the child. Both parents have significant untreated mental-health conditions, which has also prevented them from providing appropriate care for the child. *See, e.g.*, *In re T.P.*, 757 N.W.2d 267, 271 (Iowa Ct. App. 2008) (affirming termination of parental rights where non-compliance with recommended mental health treatment posed a risk to the child); *In re D.B.*, No 14–1311, 2014 WL 5253077, at *4 (Iowa Ct. App. Oct. 15, 2014) (affirming termination of parental rights where mother had untreated mental health condition); *In re R.G.*, No. 14–1134, 2014 WL 6682335, at *2–3 (Iowa Ct. App. Nov. 26, 2014) (same). There is also a long history of domestic violence between the parents. *See, e.g., In re I.M.*, No. 16-0685, 2016 WL 4036256, at *1 (Iowa Ct. App. July 27, 2016) ("A child cannot be returned to the care of the mother where her abusive paramour presents a risk of harm to the children."); *In re K.P.*, No. 15-2078, 2016 WL 1703081, at *3 (Iowa Ct. App. Apr. 27, 2016) (affirming termination on ground child could not be returned to the mother's care at the time of the hearing where mother had surreptitiously recommended romance with abusive paramour); *In re S.C.*, No. 15-0262, 2015 WL 2089743, at *2 (Iowa Ct. App. May 6, 2015) (affirming termination of rights where the mother failed to attend classes to address domestic violence and continued to maintain "regular, inappropriate, and harmful contact" with the abusive father); *In re J.F.*, No. 13-1956, 2014 WL 667789, at *2 (Iowa Ct.

App. Feb. 19, 2014) (affirming termination of rights pursuant to paragraph (h) where the mother exposed the child to domestic violence and unstable relationships); *In re D.H.*, No. 13-1693, 2014 WL 250256, at *2 (Iowa Ct. App. Jan. 23, 2014) (affirming termination of rights where mother was involved in violent relationships); *In re C.C.*, 538 N.W.2d 664, 667 (Iowa Ct. App. 1995) (affirming termination where the mother's relationship with abusive boyfriend created a risk of harm to the children). Indeed, at the time of the termination hearing, Ryan was incarcerated for yet another domestic violence incident perpetrated against Madison.

Finally, we find no reason to exercise the discretion granted in Iowa Code section 232.116(3) to preserve the parent-child relationship. Both parents seek to maintain their legal ties to A.S. while placing her in a guardianship with her maternal grandparents. However, placement of a child with a relative under a permanency order is not a legally preferable alternative to termination of parental rights. See *In re L.M.F.*, 490 N.W.2d 66, 67–68 (Iowa Ct. App. 1992); *see also In re N.M.*, No. 17-0054, 2017 WL 1088119, at *3 (Iowa Ct. App. Mar. 22, 2017). "An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child." *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997). Further, there is no evidence establishing a guardianship is in the best interest of the child. The evidence is actually to the contrary. The parents have a tense and conflicted relationship with A.S.'s maternal grandparents. The juvenile court found, and we agree, that Ryan would actively seek to disrupt the guardianship upon his release from prison in the absence of an order terminating his parental rights.

We affirm the order terminating Madison's and Ryan's parental rights in A.S.

**AFFIRMED ON BOTH APPEALS.**